WR-83,512-02
WR-83,512-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/29/2015 3:08:06 PM
Accepted 6/29/2015 4:58:30 PM
ABEL ACOSTA
CLERK

NO. _____

# IN THE TEXAS COURT OF CRIMINAL APPEALS

RECEIVED
COURT OF CRIMINAL APPEALS
6/29/2015
ABEL ACOSTA, CLERK

## AT AUSTIN, TEXAS

_____

## IN RE CHAD WAYNE TISDALE

_____

## ORIGINAL PETITION FOR WRIT OF MANDAMUS OR

## ORIGINAL PETITION FOR WRIT OF HABEAS CORPUS

_____

**The Honorable Benton Eskew**
**Judge of the Bastrop County Court at Law**

**The Honorable Reva Towslee-Corbett**
**Judge of the 335th Judicial District Court of Bastrop County**

**Respondents**

_____

**JAMES KRAMER**
**410 East 5th St. #306**
**Austin, Texas 78701**
**(512) 297-7211 PHONE**
**(484) 205-5248 FAX**
**james.kramer@usa.net**
**Texas State Bar No. 24067712**
**COUNSEL FOR RELATOR/APPLICANT**

**ORAL ARGUMENT REQUESTED**

# IDENTIFICATION OF THE PARTIES

A complete list of the names and addresses of all interested parties is provided below:

**Relator/Applicant:**
Chad Wayne Tisdale

**Counsel for Relator/Applicant:**
James Kramer
410 East 5th St. #306
Austin, Texas 78701

**Counsel for the State (Real Party in Interest):**
Bryan Goertz
Greg Gilleland
Office of Bastrop County District Attorney
804 Pecan Street
Bastrop, Texas 78602

**Respondents:**
Honorable Benton Eskew
Judge
County Court at Law
Bastrop County, Texas
804 Pecan Street
Bastrop, Texas 78602


Honorable Reva Towslee-Corbett
Judge
335th Judicial District Court of
Bastrop County, Texas
804 Pecan Street
Bastrop, Texas 78602

**Table of Contents** **Page**

Identification of the Parties ........................................... i

Index of Authorities ................................................... iv

Statement Regarding Oral Argument .................................. 1

Statement of the Case ................................................. 1

Statement of Jurisdiction ............................................. 2

Issues Presented ...................................................... 2

Background and Statement of Facts .................................... 3

Mandamus Requirements ............................................. 5

Argument and Authorities:

    Relator/ApplicantEntitled to Prompt Issuance of Writ ............. 5

    A Non-Discretionary Duty to Issue Writ of Habeas Corpus ......... 6

    Defect in Petition Must Be "Manifest" to Justify Refusal .......... 6

    Voluntariness Determined by Totality of the Circumstances ........ 8

    Jurisdiction of the Trial Court ................................... 9

    No Adequate Remedy at Law Other Than Resort to This Court ..... 10

    Original Petition for Writ of Habeas Corpus as an Alternative Vehicle ......................................................... 11

Prayer for Relief ..................................................... 12

Certification of Word Count .......................................... 14

Certificate of Service                                        14

Rule 52.3(j) Certification                                   14

Appendix                                                  *post* 15

**Index of Authorities**          **Page**

**CASES:**

*Click v. State*, 39 S.W.2d 39 (Tex. Crim. App. 1931)    6

*Ex parte Davis,* 748 S.W.2d 555 (Tex. App. Houston [1st Dist.] 1988)    9

*Ex parte Drake*, 212 S.W.3d. 822 (Tex. App. Austin 2006)    9

*Ex parte Hayes*, No. WR-77,189-01, 2012 Tex. Crim. App. Unpub. LEXIS 210 (Tex. Crim. App. 2012) (orig. proceeding) (not designated for publication)    12

*Ex parte Hargett,* 819 S.W.2d 866 (Tex. Crim. App. 1991)    7

*Ex parte Hight,* No. AP-75,507, 2008 Tex. Crim. App. Unpub. LEXIS 91 (Tex. Crim. App. 2008) (not designated for publication)    8

*Ex parte Johnson,* 876 S.W.2d 340 (Tex. Crim. App. 1994) (orig. proceeding)    2, 11

*Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012)    9

*Ex parte Rodriguez,* 980 S.W.2d 475 (Tex. Crim. App. 1998) (orig. proceeding)    12

*Ex parte Schmidt*, 109 S.W.3d 480 (Tex. Crim. App. 2003)    9

*Ex parte Chad Wayne Tisdale*, No. 03-13-00785-CR, 2014 Tex. App. LEXIS 3835 (Tex. App. Austin 2014, pet. ref'd.) (not designated for publication)    3

*Ex parte Wolf*, 296 S.W.3d 160 (Tex. App. Houston [14th Dist.] 2009)    9

*Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.,* 159 S.W.3d 645 (Tex. Crim. App. 2005) (orig. proceeding)        10

*Griffin v. State*, 703 S.W.2d 193 (Tex. Crim. App. 1986)        8

*In re Piper*, 105 S.W.3d 107 (Tex. App. Waco 2003) (orig. proceeding)        5, 6, 12

*In re Chad Wayne Tisdale,* No. 03-15-00184-CV, 2015 Tex. App. LEXIS 4343 (Tex. App. Austin 2015) (orig. proceeding) (not designated for publication)        4

*Mitschke v. State,* 129 S.W.3d 130 (Tex. Crim. App. 2004)        7

*Padieu v. Court of Appeals of Tex.*, 392 S.W.3d 115 (Tex. Crim. App. 2013) (orig. proceeding)        5

*Padilla v. McDaniel,* 122 S.W.3d 805 (Tex. Crim. App. 2003) (orig. proceeding)        2

*State v. Collazo,* 264 S.W.3d 121 (Tex. App. Houston [1st Dist.] 2007)        9

*State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433 (Tex. Crim. App. 1987) (orig. proceeding)        9

**TEXAS CONSTITUTION:**

Tex. Const. art. I, § 12        5

Tex. Const. art. V, § 5        2

**TEXAS CODE OF CRIMINAL PROCEDURE OF 1965:**

Tex. Code Crim. Proc. art. 4.04        2

Tex. Code Crim. Proc. art. 11.05        2, 6

Tex. Code Crim. Proc. art. 11.06  2

Tex. Code Crim. Proc. art. 11.09  2, 10

Tex. Code Crim. Proc. art. 11.10  6

Tex. Code Crim. Proc. art. 11.11  6

Tex. Code Crim. Proc. art. 11.15  6

**SUPERSEDED CODES OF CRIMINAL PROCEDURE:**

Tex. Code Crim. Proc. art. 131 (1856)  7

Tex. Code Crim. Proc. art. 145 (1879)  7

Tex. Code Crim. Proc. art. 165 (1895)  7

Tex. Code Crim. Proc. art. 175 (1911)  7

Tex. Code Crim. Proc. art. 127 (1925)  7

**TEXAS RULES OF APPELLATE PROCEDURE:**

Tex. R. App. Proc. 77.3  8

**OTHER REFERENCES:**

43 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 34.16 (3d ed. 2011)  5

*Webster's Dictionary 1828-Online Edition,* http://webstersdictionary1828.com/Home?word=Manifest (last visited Mar. 26, 2015)  7

**Statement Regarding Oral Argument**

Oral argument would facilitate exploration of issues not heretofore addressed by the Court in a published opinion.

**Statement of the Case**

Relator/Applicant's post-conviction Petition for Writ of Habeas Corpus, asserting that his misdemeanor conviction is based on an involuntary plea, was refused by the Bastrop County Court at Law and by the 335th Judicial District Court of Bastrop County. Neither court addressed the merits of his petition.

Relator/Applicant petitions the Court to issue a writ of mandamus requiring that a writ of habeas corpus be issued by the Bastrop County Court at Law returnable to that court or, alternatively, that a writ of habeas corpus be issued by the 335th Judicial District Court of Bastrop County, returnable to that court or to the Bastrop County Court at Law.

Alternatively, Relator/Applicant petitions the Court to exercise its original jurisdiction to issue a writ of habeas corpus returnable to the Bastrop County Court at Law.

Relator/Applicant does not ask the Court to address the merits of his habeas corpus petition, as that is a matter best left to a trial court.

1

## Statement of Jurisdiction

This Court has jurisdiction to issue the requested writ of mandamus per section 5 of Article V of the Texas Constitution and article 4.04 of the Texas Code of Criminal Procedure.[1]

This Court has jurisdiction to issue the requested writ of habeas corpus, returnable to the Bastrop County Court at Law, per section 5 of Article V of the Texas Constitution and articles 4.04, 11.05, 11.06 and 11.09 of the Texas Code of Criminal Procedure.[2]

## Issues Presented

Did Respondents fail to carry out a ministerial duty to issue Relator/Applicant's requested writ of habeas corpus?

Does Relator/Applicant have an adequate remedy at law other than resort to the Court of Criminal Appeals?

Is a petition for writ of mandamus or an original petition for writ of habeas corpus the preferred vehicle for petitioning this Court to compel a trial court to rule on the merits of a post-conviction misdemeanor habeas corpus petition?

---

[1] Tex. Const. art. V, § 5; Tex. Code Crim. Proc. art. 4.04; *Padilla v. McDaniel*, 122 S.W.3d 805, 806 (Tex. Crim. App. 2003) (orig. proceeding).
[2] Tex. Const. art. V, § 5; Tex. Code Crim. Proc. arts. 4.04, 11.05, 11.06, 11.09; *Ex parte Johnson*, 876 S.W.2d 340, 343 (Tex. Crim. App. 1994) (orig. proceeding).

## Background and Statement of Facts

In October of 2013, Relator/Applicant filed a post-conviction petition for writ of habeas corpus in the Bastrop County Court at Law, cause number 13-16165, challenging a misdemeanor conviction based on an involuntary plea. The Bastrop County Court at Law issued a written final order dismissing the case, citing lack of jurisdiction. Relator/Applicant timely appealed to the Third District Court of Appeals, cause number 03-13-00785-CR. The Court of Appeals dismissed the appeal for lack of jurisdiction, holding that only when a trial court rules on the merits of a petition for writ of habeas corpus does the Court of Appeals have jurisdiction over an appeal.[3] A timely filed Petition for Discretionary Review was refused by the Texas Court of Criminal Appeals on November 5, 2014, cause number PD-1264-14. The mandate in the Court of Appeals issued on January 8, 2015.

On February 3, 2015, Relator/Applicant re-filed his petition for writ of habeas corpus, cause number 015-335.[4] The cause was originally set

---

[3] *Ex parte Chad Wayne Tisdale*, No. 03-13-00785-CR, 2014 Tex. App. LEXIS 3835 (Tex. App. Austin 2014, pet. ref'd.) (not designated for publication).

[4] Relator/Applicant revised his petition in the second filing, but his claim is the same, namely, that he was actively misled into entering an involuntary plea. Also, per counsel's

3

for a hearing on March 11, 2015 in the 335th Judicial District Court of Bastrop County, but was dismissed for lack of jurisdiction on February 25, 2015. The District Clerk failed to inform Relator/Applicant of the dismissal and failed to timely update the case on its website. Relator/Applicant eventually learned of the dismissal on March 9, 2015 from the administrator of the District Court, who forwarded a copy by fax. Relator/Applicant also obtained a copy of the Order Affecting Exchange of Benches[5], which would appear to indicate that a petition to either of the other two district judges in Bastrop County would prove futile.

On March 27, 2015 Relator/Applicant filed a Petition for Writ of Mandamus with the Third District Court of Appeals, cause number 03-15-00184-CV, seeking to compel issuance of a writ of habeas corpus. Relief was denied on April 29, 2015.[6] A timely filed motion for rehearing was over-ruled on June 15, 2015.

---

telephone conversation with the Bastrop County District Clerk, the revised petition was reviewed by Judge Eskew of the County Court at Law, who refused to take any action and entered no written order.

[5] *See* Appendix.

[6] *In re Chad Wayne Tisdale*, No. 03-15-00184-CV, 2015 Tex. App. LEXIS 4343 (Tex. App. Austin 2015) (orig. proceeding) (not designated for publication).

4

**Mandamus Requirements**

In order to prevail in a mandamus action, Relator/Applicant must show that the act that he seeks to compel is ministerial (non-discretionary) and that he has no adequate remedy at law.[7]

**Relator/Applicant Entitled to Prompt Issuance of Writ**

The Texas Constitution provides that the writ of habeas corpus is a "writ of right".[8] Issuance of a writ of habeas corpus does not necessarily provide an applicant with relief, but "merely directs that the sheriff bring the applicant to court for a hearing on his habeas application."[9] (Since Relator/Applicant is not in custody, issuance of the writ would presumably result in a summons being issued for his appearance at the hearing on his habeas petition.)[10]

---

[7] *Padieu v. Court of Appeals of Tex.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding).
[8] Tex. Const. art. I, § 12.
[9] *In re Piper*, 105 S.W.3d 107, 111 n.1 (Tex. App. Waco 2003) (orig. proceeding) (Davis, J. concurring).
[10] *See* 43 George E. Dix & John M. Schmolesky, *Texas Practice: Criminal Practice and Procedure* § 34.16 (3d ed. 2011) at 238 n.1.

Relator/Applicant is entitled to prompt consideration of the merits his petition.[11] Thus, delay in consideration of his claim is in and of itself a denial of Relator/Applicant's rights under the law.

**A Non-Discretionary Duty to Issue Writ of Habeas Corpus**

It is the duty of a court, "upon proper motion, to grant the writ under the rules prescribed by law."[12] The court "shall appoint a time when [it] will examine the cause of the applicant, and issue the writ returnable at that time…"[13] The writ "shall be granted without delay by the judge or court receiving the petition, unless it be **manifest** from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatsoever."[14]

**Defect in Petition Must Be "Manifest" to Justify Refusal**

A court presented with a petition for writ of habeas corpus cannot refuse the petition unless it can point to some defect that is "manifest" within the meaning of article 11.15. A review of the history of the habeas corpus statute reveals that the term "manifest" in article 11.15 dates at

---

[11] Tex. Code Crim. Proc. arts. 11.11, 11.15.
[12] Tex. Code Crim. Proc. art. 11.05; *see also Piper,* 105 S.W.3d at 110; *Click v. State*, 39 S.W.2d 39, 41 (Tex. Crim. App. 1931).
[13] Tex. Code Crim. Proc. art. 11.10.
[14] Tex. Code Crim. Proc. art. 11.15.

least as far back as the 1856 Code of Criminal Procedure.[15] To determine its plain meaning, a 19th century definition of the word "manifest" is appropriate:

> "MAN'IFEST, adjective [Latin manifestus.]
> 1. Plain, open, clearly visible to the eye or obvious to the understanding; apparent; not obscure or difficult to be seen or understood."[16]

Thus, unless a petition for writ of habeas corpus is obviously invalid, a trial court must issue the writ and address the merits[17]. Neither the State nor either of the Bastrop County trial courts cite any precedent to demonstrate that Applicant's claim is obviously without merit, and thus fail to meet the heavy burden required to justify failure to issue the writ of habeas corpus.

In denying Relator/Applicant's Petition for Writ of Mandamus, the Court of Appeals appears to attempt to demonstrate that Relator/Applicant's petition is manifestly without merit by citing *Mitschke v. State*.[18] However, in *Ex parte Hight*, this Court declined to

---

[15] *See, e.g,* Tex. Code Crim. Proc. art. 131 (1856); Tex. Code Crim. Proc. art. 145 (1879); Tex. Code Crim. Proc. art. 165 (1895); Tex. Code Crim. Proc. art. 175 (1911); Tex. Code Crim. Proc. art. 127 (1925).

[16] *Webster's Dictionary 1828-Online Edition,* http://webstersdictionary1828.com/Home?word=Manifest (last visited Jun. 24, 2015).

[17] A merits ruling based on the record (without a hearing) may be appropriate in some cases. *See Ex parte Hargett,* 819 S.W.2d 866, 868 (Tex. Crim. App. 1991).

[18] *Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004).

apply *Mitschke* to a habeas corpus claim that a plea is involuntary, thereby limiting *Mitschke* to direct appeals based on claims of failure to provide statutory admonishments.[19] While, per Rule 77.3,[20] *Hight* is not precedent, the Court's logic in that case is sound and should be applied in this case as well. Thus, *Mitschke* should not be read to foreclose Relator/Applicant's involuntary plea claim, since that claim is distinguishable from a claim based on failure by the convicting court to provide statutory admonishments.

**Voluntariness Determined by Totality of the Circumstances**

A court must determine the voluntariness of a plea by examining the "totality of the circumstances."[21] Given the fact-intensive nature of the required inquiry, it is difficult to see how a court may avoid its duty to issue the writ merely by asserting that Relator/Applicant is manifestly entitled to no relief, since it cannot fully evaluate the "totality of the circumstances" without conducting a hearing (or at least without making findings of fact based on the record).

---

[19] *Ex parte Hight*, No. AP-75,507, 2008 Tex. Crim. App. Unpub. LEXIS 91 (Tex. Crim. App. Feb. 6, 2008) (not designated for publication).
[20] Tex. Rule App. P. 77.3.
[21] *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986).

8

## Jurisdiction of the Trial Court

The County Court at Law[22] and the District Courts[23] in Bastrop County possess concurrent jurisdiction over Relator/Applicant's petition. Relator/Applicant's claim that his plea was involuntary is cognizable in a habeas corpus action.[24] Relator/Applicant's driver's license suspension is similar in nature to legal disabilities that Texas Courts of Appeals have found to constitute confinement or restraint within the meaning of Chapter 11 of the Texas Code of Criminal Procedure.[25]

There is thus no basis for a trial court to claim that it lacks jurisdiction over Relator/Applicant's petition.

---

[22] "When they are read together, Article V, section 16 of the Constitution, Section 25.0003(a) of the Government Code, and Article 11.05 of the Code of Criminal Procedure give the statutory county court at law, and the judges of that court, the power to issue the writ of habeas corpus when a person is restrained by an accusation or conviction of misdemeanor." *Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003).

[23] *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987) (orig. proceeding) (holding that District Courts have concurrent habeas corpus jurisdiction in misdemeanor cases).

[24] *See Ex parte Moussazadeh*, 361 S.W.3d 684 (Tex. Crim. App. 2012).

[25] *See, e.g., State v. Collazo,* 264 S.W.3d 121 (Tex. App. Houston [1st Dist.] 2007) (denial of peace officer's license); *Ex parte Wolf*, 296 S.W.3d 160, 166-67 (Tex. App. Houston [14th Dist.] 2009) (termination of employment); *Ex parte Davis,* 748 S.W.2d 555, 558 (Tex. App. Houston [1st Dist.] 1988) (denial of entry into military); *Ex parte Drake*, 212 S.W.3d. 822, 825 (Tex. App. Austin 2006) (arrest for driving while license suspended due to unpaid surcharges).

**No Adequate Remedy at Law Other Than Resort to This Court**

While Relator/Applicant does have a technical remedy at law (presenting his petition to yet another trial court judge), that technically available remedy is inadequate."[26] As discussed *supra*, Relator/Applicant is entitled not just to a hearing, but to a prompt hearing. Thus, any further delay in the issuance of the writ of habeas corpus is a denial of substantive relief.

As Relator/Applicant is challenging a misdemeanor conviction in Bastrop County, the Bastrop County Court at Law is the most appropriate forum to hear his petition.[27] But the most appropriate court refused his petition.

Relator/Applicant then applied to the 335th District Court in Bastrop County and got so far as having a hearing set on the docket only to have his petition refused again before the setting. Relator/Applicant then became aware of the Order Affecting Exchange of Benches[28], signed by all Bastrop County judges, and concluded that further efforts in Bastrop County would be futile and only result in further delay.

---

[26] *Greenwell v. Court of Appeals for the Thirteenth Judicial Dist.,* 159 S.W.3d 645, 648-649 (Tex. Crim. App. 2005) (orig. proceeding) ("In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate.").

[27] Tex. Code Crim. Proc. art. 11.09.

[28] *See* Appendix.

While out-of-county judges may or may not technically have jurisdiction to issue Relator/Applicant's writ, it defies logic to believe that any such judge would get involved in a case involving events that took place wholly within the Bastrop County Courthouse. It is even less logical to believe that such a hypothetical judge could be located promptly.

Relator/Applicant's Petition for Writ Mandamus (to compel issuance of the writ of habeas corpus by a Bastrop County trial court) was denied by the Third District Court of Appeals.

In short, Relator/Applicant has nowhere else to go.

**Original Petition for Writ of Habeas Corpus as an Alternative Vehicle**

In *Ex parte Johnson*, this Court exercised its original habeas corpus jurisdiction to compel a trial court to address the merits of a habeas corpus petition by issuing a writ of habeas corpus returnable to that trial court.[29] Thus, this Court can grant Relator/Applicant relief using either of two alternative vehicles: mandamus or original habeas corpus.

Concurring opinions by various judges of the Court of Criminal Appeals have indicated that a habeas corpus applicant who has had his or

---

[29] *Ex parte Johnson*, 876 S.W.2d at 343 (Court of Criminal Appeals issued writ of habeas corpus returnable to 180th Judicial District Court).

11

her petition refused by a trial court should file a petition for writ of mandamus rather than invoke the original habeas corpus jurisdiction of the Court of Criminal Appeals.[30] On the other hand, at least one intermediate court of appeals has held that failure to file an original petition for writ of habeas corpus in the Court of Criminal Appeals will bar issuance of a writ of mandamus (for failure to exhaust all adequate remedies at law).[31]

In light of the lack of clear authority, Relator/Applicant petitions this Court to exercise its original jurisdiction to issue a writ of habeas corpus, returnable to the Bastrop County Court at Law, as an alternative to his Petition for Writ of Mandamus.

## Prayer for Relief

Relator/Applicant prays that the Court will issue a writ of mandamus ordering the Bastrop County Court at Law to issue the requested writ of habeas corpus, returnable to that court or, in the alternative, ordering that the 335th Judicial District Court issue the

---

[30] *E.g. Ex parte Hayes*, No. WR-77,189-01, 2012 Tex. Crim. App. Unpub. LEXIS 210 (Tex. Crim. App. 2012) (orig. proceeding) (Johnson, J., joined by Price, Hervey, and Cochran, JJ., concurring) (not designated for publication); *Ex parte Rodriguez,* 980 S.W.2d 475 (Tex. Crim. App. 1998) (orig. proceeding) (Baird, J., concurring).
[31] *In re Piper*, 105 S.W.3d at 110.

requested writ of habeas corpus, returnable to that court or to the Bastrop County Court at Law.

In the alternative, Relator/Applicant prays that the Court will exercise its original habeas corpus jurisdiction to issue a writ of habeas corpus returnable to the Bastrop County Court at Law.

Relator/Applicant prays for general relief.

RESPECTFULLY SUBMITTED,

/s/James Kramer

JAMES KRAMER

410 East 5th St. #306
Austin, Texas 78701
(512) 297-7211 PHONE
(484) 205-5248 FAX
james.kramer@usa.net
Texas State Bar No. 24067712
COUNSEL FOR RELATOR/
APPLICANT

## CERTIFCATION OF WORD COUNT

The preceding document was produced using Microsoft Word, and the Word Count tool returned a value of 2,650 words (including footnotes).

/s/James Kramer

JAMES KRAMER

## CERTIFICATE OF SERVICE

This petition was served on opposing counsel, Assistant Bastrop County District Attorney Greg Gilleland, 804 Pecan Street, Bastrop, Texas, 78602, by first-class mail and by electronic means on June 26, 2015, and was also mailed to the Bastrop County District Clerk for distribution to Respondent Judges on that date.

/s/James Kramer

JAMES KRAMER

## RULE 52.3(j) CERTIFICATION

Undersigned counsel has reviewed the foregoing petition and has concluded that every factual statement is supported by competent evidence in the Appendix or Record, with the exception of certain

background information specifically stated to have been obtained from phone conversations with the District Clerk or the administrator of the District Court.

/s/James Kramer

JAMES KRAMER

# APPENDIX

## OATH

Applicant swears under oath that the documents in the Appendix are true and correct copies of documents filed related to this cause.

By: _____

JAMES KRAMER

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared James Kramer, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is James Kramer. I am capable of making this verification. I have read the above OATH. The facts stated in it are to the best of my knowledge true and correct."

Notary: _____


NICOLE LYNN AGRON
Notary Public, State of Texas
My Commission Expires
January 30, 2016

Date: June 26, 2015

No. 13-16165

EX PARTE                                        IN THE COUNTY COURT AT LAW

CHAD TISDALE                                    BASTROP COUNTY, TEXAS

**COURT'S ORDER**

The Court finds it does not have jurisdiction.

Signed this the ____ day of _____ Nov. _____, 2013.

_____
Presiding Judge

FILED
DATE 11-8-13
Sarah Loucks
District Clerk, Bastrop County

38

CAUSE NUMBER 015-335

EX PARTE

IN THE 335TH JUDICIAL DISTRICT

COURT OF

BASTROP COUNTY, TEXAS

CHAD WAYNE TISDALE

**COURT'S ORDER ON**

**STATE'S RESPONSE TO APPLICANT'S**

**SECOND WRIT OF HABEAS CORPUS**

Came on to be heard, this the _25th_ day of _February_ , 2015, this writ of Habeas Corpus is:

_____ GRANTED

_____ DENIED

___✓___ THE COURT FINDS IT DOES NOT HAVE JURISDICTION.

It is so ordered.

_____
JUDGE PRESIDING

Scanned

FILED 11:30 AM
DATE 2/25/2015
Sarah Loucks
District Clerk, Bastrop County

# ORDER AFFECTING THE EXCHANGE OF BENCHES
## FOR THE DISTRICT COURTS AND COUNTY
## COURT AT LAW COURT OF BASTROP COUNTY, TEXAS

Pursuant to Article 5, Section II of the Texas Constitution and V.T.C.A., Government Code 24.303, and the statute creating the Bastrop County Court at Law, the undersigned do hereby exchange benches with each other insofar as the jurisdiction of each court permits. Any of the undersigned may, in his own courtroom, try and determine any case or proceeding pending in any of the other courts without having the case transferred. In case of absence, sickness, or disqualification of any of the judges, any of the other judges may hold court for him. Any of the judges may hear and determine any part or question of a case or proceeding pending in any of the courts, and any of the other judges may complete the hearing and render judgment in the case.

This order becomes effective immediately upon execution of the same by all the Judges identified below and supercedes any previous orders affecting these matters.

SIGNED this 21st day of January, 2010.

_____
Benton Eskew
Judge, Bastrop County Court at Law

SIGNED this 20 day of January, 2010.

_____
Terry Flenniken
Judge, 21st Judicial District Court

SIGNED this 16th day of Feb., 2010.

_____
Reva L. Towslee Corbett
Judge, 335th Judicial District Court

SIGNED this 20th day of January, 2010.

_____
Christopher D. Duggan
Judge, 423rd Judicial District Court

FILED 10:30AM
DATE 02/16/2010
Cathy Smith
District Clerk, Bastrop County

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00184-CV

**In re Chad Wayne Tisdale**

### ORIGINAL PROCEEDING FROM BASTROP COUNTY

### M E M O R A N D U M   O P I N I O N

Relator has filed a petition for writ of mandamus.  *See* Tex. R. App. P. 52.  Having reviewed the petition and its accompanying exhibit, we deny the petition for writ of mandamus.  *See Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004); *Ex parte Drake*, 212 S.W.3d 822, 826-27 (Tex. App.—Austin 2006, pet. ref'd).

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Filed:   April 29, 2015

# REGISTER OF ACTIONS
## CASE NO. 015-335

| | | | |
|---|---|---|---|
| **EX PARTE CHAD WAYNE TISDALE** | § | Case Type: | **Writ of Habeas Corpus** |
| | § | Date Filed: | **02/03/2015** |
| | § | Location: | **335th District Court** |
| | § | | |
| | § | | |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| **Plaintiff** | **Tisdale, Chad Wayne** | Male White | **James Kramer** |
| | | DOB: 06/28/1968 | *Retained* |
| | | | 512-297-7211(W) |
| | | | |
| **State** | **The State of Texas** | Female White | |
| | | DOB: 01/27/1987 | |

---

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

02/25/2015 | **Order** (Judicial Officer: Corbett, Reva Towslee)

**OTHER EVENTS AND HEARINGS**

02/03/2015 | **Original Petition (OCA)**
02/25/2015 | **Response**
03/04/2015 | **Reply**
03/11/2015 | *CANCELED* **Hearing** (9:00 AM) (Judicial Officer Corbett, Reva Towslee)
*Other*

| EX PARTE | ' IN THE COUNTY COURT AT LAW OR |
| CHAD WAYNE TISDALE | ' THE 21ST, THE 335TH, OR THE 423RD |
| | ' JUDICIAL DISTRICT COURT OF |
| | ' BASTROP COUNTY, TEXAS |

## PETITION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE COURT:**

Now comes Chad Wayne Tisdale, Applicant, through his attorney James Kramer, and presents this Petition for Writ of Habeas Corpus for cause number 1CO-4041-11 in the Justice Court, Precinct One, Bastrop County, Texas.

Applicant is illegally restrained or confined in that his driver's license has been suspended due to non-payment of surcharges imposed as part of the sentence for his conviction for Failure to Maintain Financial Responsibility, said conviction having been based on an involuntary plea.

## JURISDICTION

The County Court at Law[1] and the District Courts[2] in Bastrop County possess concurrent jurisdiction over this matter.

---

[1] "When they are read together, Article V, section 16 of the Constitution, Section 25.0003(a) of the Government Code, and Article 11.05 of the Code of Criminal Procedure give the statutory county court at law, and the judges of that court, the power to issue the writ of habeas corpus when a person is restrained by an accusation or conviction of misdemeanor." *Ex parte Schmidt*, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003).

[2] *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433, 434 (Tex. Crim. App. 1987)(holding that District Courts have concurrent habeas corpus jurisdiction in misdemeanor cases).

1

## THE COURT HAS A NON-DISCRETIONARY DUTY TO ISSUE THE WRIT AND RULE ON THE MERITS

The Texas Constitution provides that the writ of habeas corpus is a "writ of right."[3] It is the duty of a court, "upon proper motion, to grant the writ under the rules prescribed by law."[4] The court "shall appoint a time when [it] will examine the cause of the applicant, and issue the writ returnable at that time..."[5] The writ "shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatsoever."[6]

## BACKGROUND AND STATEMENT OF FACTS

- On December 20, 2011, Applicant was arrested in Bastrop County on several charges, including Failure to Maintain Financial Responsibility, cause number 1CO-4041-11, filed in Bastrop County Justice Court, Precinct One.

- On January 6, 2012, Applicant appeared at the clerk's window of the Justice Court and asked the clerk what his fine would be and what terms the court would offer for payment if he were to plead no contest.

- The clerk left the window and proceeded into the judge's office. Applicant

---

[3] Tex. Const. art. I, § 12.
[4] Tex. Code Crim. Proc. art. 11.05 (LEXIS through 2013 3rd. Sess.).
[5] Tex. Code Crim. Proc. art. 11.10 (LEXIS through 2013 3rd. Sess.).
[6] Tex. Code Crim. Proc. art. 11.15 (LEXIS through 2013 3rd. Sess.).

observed the clerk speak with the judge.

- When the clerk returned to the window, the clerk told Applicant that if he pled guilty or no contest he could resolve his case by paying a fine of $1,000 according to a payment plan, and that there would be additional fees related to the payment plan. The clerk omitted to mention that, as a result of his guilty plea, Applicant would also be required to pay a civil fine in the form of Driver Responsibility Surcharges.

- In reliance on the information provided by the clerk, and in the good-faith belief that the information provided by the clerk was complete and accurate, Applicant pled no contest.

- A conviction was entered in cause number 1CO-4041-11 on January 13, 2012.

- In March of 2013, without notice or hearing, and after the time for appeal had expired for cause number 1CO-4041-11, the Texas Department of Public Safety assessed Driver Responsibility Surcharges against Applicant, pursuant to Texas Transportation Code Section 708.103, based on the aforementioned conviction.[7]

- Applicant did not pay the surcharges and went into default in June 2013, and on June 25, 2013 Applicant received a notice of license suspension.

- Applicant is presently ineligible to drive due to the suspension.

---

[7] Tex. Transp. Code § 708.103 (LEXIS through 2013 3rd Sess.).

## APPLICANT IS RESTRAINED BY HIS DRIVER'S LICENSE SUSPENSION

While Applicant is not confined in jail, he is nonetheless restrained within the meaning of Article 11 of the Texas Code of Criminal Procedure in that his driver's license has been suspended.

A trial court has habeas corpus jurisdiction if the Applicant is restrained by collateral legal consequences resulting from his conviction.[8] "Collateral legal consequences" have been defined broadly:

- Denial of Texas peace officer's license was found to be sufficient restraint to invoke habeas corpus jurisdiction.[9]

- Termination of employment due to denial of a securities license was found to be sufficient restraint to invoke habeas corpus jurisdiction.[10]

- Denial of entry into the military was found to be sufficient restraint to invoke habeas corpus jurisdiction.[11]

- Arrest for driving with a suspended license due to unpaid surcharges was found to be sufficient restraint to invoke habeas corpus jurisdiction.[12]

Applicant's driver's license suspension is similar to the aforementioned examples of restraint.

---

[8] *Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App. Austin 2012).
[9] *State v. Collazo*, 264 S.W.3d 121 (Tex. App. Houston [1st Dist.] 2007).
[10] *Ex parte Wolf*, 296 S.W.3d 160, 166-67 (Tex. App. Houston [14th Dist.] 2009).
[11] *Ex parte Davis*, 748 S.W.2d 555, 558 (Tex. App. Houston [1st Dist.] 1988).
[12] *Ex parte Drake*, 212 S.W.3d. 822, 825 (Tex. App. Austin 2006).

**RESTRAINT OF APPLICANT IS ILLEGAL**

Restraint of Applicant stems from Applicant's conviction in cause 1CO-4041-11, said conviction having been obtained in violation of Applicant's constitutional rights.

**CONSTITUTIONAL VIOLATION: INVOLUNTARY PLEA**

The conviction in cause number 1CO-4041-11 is unconstitutional due to the involuntary nature of Applicant's "no contest" plea. Applicant's plea was involuntary in that it was induced by the court clerk's misrepresentation of the amount of the fine to be imposed, said misrepresentation having been made at the time that the clerk was accepting Applicant's plea on behalf of the court.[13]

After apparently conferring with the judge, the court clerk told Applicant that if he pled guilty or no contest to the charge he would be sentenced to pay a fine of $1,000, plus a time payment fee. However, the clerk made no mention of the mandatory civil fine (Driver Responsibility Surcharges) that would be assessed as part of the sentence. Thus, the imposition of a civil penalty in the form of $260 in Surcharges fourteen months later (with the mandatory imposition of $260 in Surcharges for each of the next two years) made the representation of the court clerk misleading. It should be noted that the mandatory nature of the surcharges means that the Court could not have legally imposed only the $1,000 fine, without

---

[13] The clerk's official duties include "assist[ing] the judge with matters before the court". Tex. Gov't. Code § 27.056(c)(3)(LEXIS through 2013 3rd Sess.).

the surcharges.[14]

## SURCHARGES ARE IMPOSED AS PART OF APPLICANT'S SENTENCE

The Texas Third Court of Appeals has ruled that a Driver Responsibility Surcharge is a civil penalty that is imposed as part of the criminal sentence for certain offenses.[15] The Penal Code explicitly authorizes imposition of a civil penalty as part of a criminal sentence, in addition to a criminal fine.[16]

## MISREPRESENTATION BY THE COURT RENDERS PLEA INVOLUNTARY

"A plea of guilty or *nolo contendere* will not support a conviction when that plea is motivated by significant misinformation conveyed by the court or one of its officers."[17]

Applicant was significantly misinformed when he was told that his total fine would be $1000 (plus time payment fee), rather than $1,780 (plus time payment fee).

## THE CLERK SPOKE ON BEHALF OF THE COURT

Applicant contends that the clerk of the Justice Court exercises *de jure*

---

[14] Tex. Transp. Code § 708.103 (LEXIS through 2013 3rd Sess.).

[15] *Ex parte Drake*, 212 S.W.3d. at 825 ("[T]he surcharge on [Applicant's] license was a penalty ascribable to her conviction..." and "We conclude that the surcharges imposed by the driver responsibility program were intended by the legislature to be civil penalties.").

[16] Tex. Penal Code § 12.01(c) (LEXIS through 2013 3rd Sess.).

[17] *Ex parte Williams*, 704 S.W.2d 773, 782 (Tex. Crim. App. 1986)(Onion, J., concurring in part and dissenting in part); *See also Mooney v. State*, 615 S.W.2d 776, 777-8 (Tex. Crim. App. 1981)(misinformation provided by the court rendered plea involuntary).

authority to speak for the court when accepting a plea as part of her duties under Section 27.056(c)(3) of the Government Code.[18] In addition, Applicant believes that the judge specifically authorized the clerk to make the statements that she made to Applicant regarding the nature of the sentence to be imposed if he pled guilty or no contest.

Applicant also contends, in the alternative, that the fact that the judge routinely permitted the clerk to accept pleas on behalf of the court made Applicant's reliance on the clerk's statements reasonable under the doctrine of apparent authority.[19]

## NO REMEDY BY APPEAL

Applicant has no remedy by appeal, as he was not informed of the surcharges until 14 months after sentence was imposed, which was after the 30-day deadline for filing notice of appeal.[20]

## PRIOR PETITION NOT A BAR TO FILING

A prior Petition for Writ of Habeas Corpus was presented to the Bastrop County Court at Law in October of 2013, cause number 13-16165. However, that petition was not set for a hearing or decided on the merits, and thus does not

---

[18] Tex. Gov't Code § 27.056(c)(3) (LEXIS through 2013 3rd Sess.).
[19] Ames v. Great S. Bank, 672 S.W.2d 447, 450 (Tex. 1984)("To establish apparent authority, one must show that a principal either knowingly permitted an agent to hold itself out as having authority or showed such lack of ordinary care as to clothe the agent with indicia of authority."); Restat 2d of Agency, § 8 (LEXIS).
[20] Tex. R. App. P. Rule 26.2(a)(1) (LEXIS).

constitute a bar to the filing of this petition. On the contrary, the Third Court of Appeals has indicated that it would be appropriate for Applicant to file a new petition and present it to any trial court with jurisdiction.[21]

## PRAYER

Applicant prays that a Writ of Habeas Corpus be issued and that relief be granted.

Applicant prays that the conviction in cause number 1CO-4041-11 be vacated, that Applicant be permitted to withdraw his plea in that cause, and that the court vacate any Driver Responsibility Surcharges and/or license suspension related to that cause.

Applicant prays for general relief.

Respectfully submitted,

James Kramer
410 East 5th St. #306
Austin, Texas 78701
Tel: (512) 297-7211

By:_____
James Kramer,
Attorney for Applicant
State Bar No. 24067712

---

[21] *Ex parte Tisdale*, No. 03-13-00785-CR, 2014 Tex. App. LEXIS 3835 at *4 (Tex. App. Austin Apr. 10, 2014, pet. ref'd., mandate issued January 8, 2015).

## OATH

Applicant swears under oath that the allegations in this petition are believed by Applicant to be true.

By: _____
James Kramer, Attorney for Applicant

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared James Kramer, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

"My name is James Kramer. I am capable of making this verification. I have read the PETITION FOR WRIT OF HABEAS CORPUS. The facts stated in it are to the best of my knowledge true and correct."

Notary: _____

NICOLE LYNN AGRON
Notary Public, State of Texas
My Commission Expires
January 30, 2016

Date: 1/31/2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition was mailed to the Bastrop County District Attorney on January 31, 2015.

_____
James Kramer, Attorney for Applicant

9

| EX PARTE | ' IN THE COUNTY COURT AT LAW OR |
| --- | --- |
| CHAD WAYNE TISDALE | ' THE 21ST, THE 335TH, OR THE 423RD |
| | ' JUDICIAL DISTRICT COURT OF |
| | ' BASTROP COUNTY, TEXAS |

## AFFIDAVIT OF CHAD WAYNE TISDALE

BEFORE ME, the undersigned authority, personally appeared Chad Wayne Tisdale, who, after being by me duly sworn stated the following under oath:

"My name is Chad Wayne Tisdale. I am over the age of eighteen (18) years, and I am competent to make this affidavit. The statements contained herein are true and correct.

"On January 6, 2012, I appeared at the clerk's window of the Bastrop County Justice Court, Precinct One, to address the charge of Failure to Maintain Financial Responsibility in cause number 1CO-4041-11.

"I asked the clerk what the fine would be for this offense and what terms the court could offer me. The clerk asked me to wait and she stepped away from the window. I observed her walk into the judge's office and confer with the judge. When she returned, the clerk told me that the total fine would be $1000, and that I could pay it according to an installment plan. The clerk did not disclose that I would also be required to pay an additional fine of $260 per year for three years as a direct result of a guilty or "no contest" plea.

"In reliance on the clerk's assertion that the full amount of the fine would be $1000, and in the belief that the judge authorized her to make that assertion, I pled "no contest" to the charge.

"Had I known that the true amount of the fine was actually 78% higher than what I was told by the clerk, I would not have entered the "no contest" plea. Instead, I would have sought the advice of counsel.

"In March of 2013, I received a mailed notice that I was required to pay a surcharge of $260. I did not understand why I was assessed this surcharge until I asked my attorney, who informed me that it was related to my January 2012 plea. I did not pay the surcharge and, in June of 2013, I received a mailed notice that my license would be suspended until the surcharge is paid. I have not paid the surcharge and my license is currently suspended."

_____
Chad Wayne Tisdale

SWORN and SUBSCRIBED before me, the undersigned authority, on this ____th day of January, 2015.

_____
Notary Public, State of Texas

HEATHER BOURNE
Notary Public
STATE OF TEXAS
My Comm. Exp. 07-20-2016

 **MSB** *A PRIVATE CORPORATION*

# SURCHARGE REMINDER

PO Box 16733 - AUSTIN TX 78761-6733
TOLL FREE (800) 688-6882
LOCAL (512) 454-4759
Mon – Thur 8AM – 9PM, Fri 8AM – 6PM,
Saturday 8AM – 12PM

Reference: ALL880
Balance to Pay In Full: $260.00
Due Date: 06/15/13
DL/ID: 01817084

April 16, 2013

Dear CHAD W TISDALE:

URGENT: **CONVICTION SURCHARGE NOTICE** – Driver Responsibility Program

| OFFENSE | AMOUNT |
|---|---|
| NO INSURANCE SURCHARGE | $260.00 |

**This notice is a reminder that your Texas driver license, permit or privilege to operate any motor vehicle in the State of Texas will be suspended effective 06/15/13 unless you comply with the requirements to pay a surcharge fee by the due date shown above.**

Driving any motor vehicle in the State of Texas while a license or privilege is invalid may result in arrest, criminal penalties, and additional suspension and surcharge actions. This suspension will remain in effect until the surcharge and any associated collection fees are paid, or until you enter a monthly installment plan. Failure to make minimum monthly payments by each month's due date for your installment plan will also result in a suspension of your driving privileges.

## ***To Avoid Suspension for this Surcharge Account***

- Remit the monthly minimum payment of $13.33 to enter an installment plan, or
- Remit payment in full of $260.00

Credit card, debit card and electronic check payments can be made online at https://www.txsurchargeonline.com, or by telephone through our automated payment system at 1 (800) 688-6882. If you enter an installment plan, you will be required to make a minimum installment payment each month by the due date until the balance is paid in full. All installment payments include a $2.50 partial payment fee, which is already included in the "Minimum Installment Payment" listed below. If you are mailing your payment to our P.O. Box, please detach the payment coupon below and include it with your payment. Please also write your reference number on the check or money order. If you have more than one surcharge account, you must submit a separate payment for each account. Failure to do so may result in a delay in processing your payment. **Do not mail cash.**

A $30.00 fee will be assessed to your surcharge account for any returned check or money order. You will be required to pay all fees associated with a returned check or money order before your account will be considered paid in full. We may resubmit any returned check or money order received in accordance with state and federal laws. All payments require 1-2 business days from receipt to post to your surcharge account and up to 3-5 business days to update to your driving record with the Texas Department of Public Safety.

For additional information regarding your surcharge account(s), you may also call 1 (800) 688-6882 to speak with a program specialist during the hours shown at the top left corner of this letter or visit our "Frequently Asked Questions" at https://www.txsurchargeonline.com.

STATUTORY AUTHORITY: Texas Transportation Code, Chapter 708

***DETACH LOWER PORTION AND RETURN WITH PAYMENT. PLEASE INDICATE REFERENCE NUMBER ON YOUR CHECK OR MONEY ORDER.***

**MSB** *A PRIVATE CORPORATION*

Texas Department of Public Safety
Surcharge Processing
PO Box 6031
Hauppauge NY 11788-9031

ADDRESS SERVICE REQUESTED

Reference: ALL880
Minimum Installment Payment: $13.33
Balance to Pay In Full: $260.00
Due Date: 06/15/13

April 16, 2013

0000013330000260000ALL880 3

ALL880--0D1     32691896

CHAD W TISDALE
22 Kapp Cyn
San Antonio TX 78258-7342

REMIT PAYMENTS TO:
TEXAS DEPARTMENT OF PUBLIC SAFETY
SURCHARGE PROCESSING
PO BOX 16733
AUSTIN TX 78761-6733

29SDMSBU010D1



# **MSB** Surcharge Default and Suspension

PO Box 16733 - AUSTIN TX 78761-6733
TOLL FREE (800) 688-6882
LOCAL (512) 454-4759
Mon – Thur 8AM – 9PM, Fri 8AM – 6PM,
Saturday 8AM – 12PM

Reference:   ALL880
Balance To Pay In Full:   $260.00
Due Date:   N
DL/ID:   01817084

June 25, 2013

Dear CHAD W TISDALE:

**URGENT: SURCHARGE DEFAULT NOTICE – Driver Responsibility Program**

<u>OFFENSE</u>                                                                <u>AMOUNT</u>
NO INSURANCE SURCHARGE                                  $260.00

## **Your Texas driver license, permit or privilege to operate any motor vehicle has been suspended!**

**You have failed to comply with the requirements to pay a surcharge to DPS as outlined in your previous notice. As a result, we have reported your surcharge as a default on 06/24/13 and your driving privileges are now suspended.**

Driving any motor vehicle upon the highways of this state while a license or privilege is invalid may result in arrest, criminal penalties, and additional suspension and surcharge actions. If you possess a valid commercial driver license, you must surrender it to the Department of Public Safety for the period of this suspension. **This suspension will remain in effect until you have made the required payment of this surcharge.**

### **\*\*\*To Remove the Default from this Surcharge Account\*\*\***

- Remit the monthly minimum payment of $13.33 to enter an installment plan
- Remit payment in full of $260.00

Credit card, debit card and electronic check payments can be made online at https://www.txsurchargeonline.com or by telephone through our automated payment system at 1 (800) 688-6882. If you enter an installment plan, you will be required to make a minimum installment payment each month by the due date until the balance is paid in full. All installment payments include a $2.50 partial payment fee, which is already included in the "Minimum Installment Payment" listed below. If you are mailing your payment to our P.O. Box, please detach the payment coupon below and include it with your payment. Please also write your reference number on the check or money order. If you have more than one surcharge account, you must submit a separate payment for each account. Failure to do so may result in a delay in processing your payment. **Do not mail cash.**

A fee of $30.00 will be assessed to your surcharge account for any dishonored check or money order presented as payment. You will be required to pay any fee(s) associated with a dishonored check or money order in full before your surcharge account will be updated as paid in full. We may resubmit any returned check, electronic check or money order received in accordance with state and federal laws in an effort to collect outstanding fees. Only checks or money orders drawn on United States banks will be accepted for payment.

For additional information regarding your surcharge account(s), you may also call 1 (800) 688-6882 to speak with a program specialist during the hours shown at the top left corner of this letter or visit our "Frequently Asked Questions" at https://www.txsurchargeonline.com.

STATUTORY AUTHORITY: Texas Transportation Code, Chapter 708

---

**\*\*\*DETACH LOWER PORTION AND RETURN WITH PAYMENT. PLEASE INDICATE REFERENCE NUMBER ON YOUR CHECK OR MONEY ORDER.\*\*\***

**MSB**
A Private Corporation

Texas Department of Public Safety
Surcharge Processing
PO Box 6031
Hauppauge NY 11788-9031

ADDRESS SERVICE REQUESTED

Reference:   ALL880
Minimum Installment Payment:   $13.33
Balance to Pay In Full:   $260.00
Due Date:   N

June 25, 2013

00000133300002b000ALL880  3

ALL880--0I8    78947639

CHAD W TISDALE
22 Kapp Cyn
San Antonio TX 78258-7342

REMIT PAYMENTS TO:
TEXAS DEPARTMENT OF PUBLIC SAFETY
SURCHARGE PROCESSING
PO BOX 16733
AUSTIN TX 78761-6733

29SDMSBU01OI8

The following information is provided as a courtesy to assist you in making an informed decision about options available to you with regards to the charges that have been filed against you with the circled court.

## Your Plea:
A plea of Guilty is an admission that the charge against you is valid or true. A plea of Nolo Contendere (no contest) means that you are not contesting the charge(s) against you. If you enter a plea of guilty or no contest (moving violations only) you may be eligible to take a Driver Safety Course under the terms set out in the Code of Criminal Procedure. See Driver Safety Course Information on this schedule.
A plea of Not Guilty entitles you to a trial either by judge or by a jury of your peers. You <u>must</u> select one of these options on the plea portion of this form.

## About Contacting the Court:
In all cases, the Judge <u>cannot</u> discuss any aspect of the charge(s) against you. Law forbids these ex parte communications. Both sides must be heard only in the Courtroom. You will be given every opportunity to tell your side of the story in court. In most cases the court clerk can answer your questions about procedure.

## Your Appearance and Communication with the Court:
Your signature on the citation is your promise to appear before the Court on or before the appearance date on the citation. Telephone calls <u>do not</u> constitute an appearance. All requests and communications with the court must be in <u>writing</u>. A signed and notarized plea, with payment, driver safety course request or a request for trial is acceptable if post marked by that date. Should you fail to respond by the on or before date, a separate charge of Violation of Promise to Appear will be filed against you and a warrant may be issued for your arrest on all outstanding charges, *and will also result in the denial of renewal of your Driver's License*. <u>Certified or registered mail</u> is advisable if you wish to be able to prove that you have met all requirements in a timely manner.

## Your Address:
Correct address information is <u>your responsibility</u>. All mail will be mailed to the address on the citation, unless you notify the court in writing that your address has changed.

## Receipt for Your Records:
Should you wish to receive a printed receipt, please enclose a <u>self-addressed, stamped envelope.</u>

## Driver Safety Course Information:
Per the Code of Criminal Procedure, Art. 45.0511, you must enter a plea and present to the Court a request to take the course in person or by mail <u>postmarked</u> on or before the due date on the citation. Use this form to present your plea and request. You must present the form below (signed and notarized), along with a **Money Order or Cashier's Check for $108.10** (**non-refundable**), valid proof of financial responsibility (liability insurance), copy of your driver's license, and a copy of your citation.

**IF YOU ARE CHARGED WITH SPEEDING 25-MILES PER HOUR OR MORE OVER THE SPEED LIMIT, WERE IN A CONSTRUCTION ZONE WITH WORKERS PRESENT, SERIOUS TRAFFIC VIOLATIONS, ANY NON-MOVING VIOLATION OR YOU HAVE A COMMERCIAL DRIVER'S LICENSE, YOU ARE <u>NOT</u> ELIGIBLE FOR A DRIVER SAFETY COURSE.**

<u>**DO NOT TAKE A DRIVER SAFETY COURSE PRIOR TO RECEIVING PERMISSION FROM THE COURT.**</u>

● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ● ●

**SUBMIT THIS FORM TO THE COURT (photocopy this form if there is more than one charge)**

## Plea, Request, and Affidavit for Driver Safety Course:
As per the Code of Criminal Procedure, Art. 45.0511, I hereby plead Guilty or No Contest and request that the Court defer proceedings for 90 days so that I may complete an approved Driver Safety Course and present a certificate of course completion. I certify that I have a Texas Driver's License or permit, I was not charged with speeding 25 miles or more over the posted speed limit, that I have not taken a driver safety course during the past 12 months, am not in the process of taking a course for the dismissal of a ticket and that I have not taken a driver safety course which is not currently reflected on my driving record. Under pain or penalty of perjury, I swear that the foregoing is true.

# REPLY FORM

_____ I plea Guilty/No Contest and enclose my fine.
_____ I plea Guilty/No Contest and request a Driver Safety Course (see Plea, Request and Affidavit for Driver Safety Course.)
_____ I plea NOT Guilty and waive my right to a Jury Trial and request a trial before the Judge. 5973 Hill Rd lind
_____ I plea NOT Guilty and request a trial before a Jury. 5973 HILL RD Austin 78734

SIGNATURE _____  ADDRESS _____

CITATION NUMBER **1CD-4041-11**  DRIVER'S LICENSE NUMBER **21817084**

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE **6** DAY OF **Jan** , 20 **12** .

**Lynn Williams**
**Court Clerk**
(SEAL)
**Justice of the Peace Court, Pct. 1**
**Bastrop County, Texas**

~~NOTARY PUBLIC, JUDGE~~ OR COURT CLERK
_Lynn Williams_

STATE OF TEXAS
COUNTY OF BASTROP

EXTENSION FOR PAYMENT AGREEMENT

The State of Texas                                    Cause No. ___*ICD-4041-11*___
            Vs.
_Chad Wayne Tisdale_____
Defendant

WHEREAS, on the __13__ day of __Jan__ 20_12__, in the above-styled and numbered cause, the defendant was assessed and ordered to pay by the Court the sum of $ _1025.00_, which includes a $25.00 time payment fee for each violation which must be added to the fine 30 days after judgment by State Law.

WHEREAS, the defendant does hereby acknowledge and understand this sum is due and payable immediately to the Justice Court, Bastrop County, Pct. 1;

WHEREAS, the defendant has petitioned the Court for an extension of time for payment of this sum;

NOW THEREFORE, the Justice Court, Pct. 1 does hereby grant without waiver or modification of any previous court order or judgment, an extension of time for payment of this sum owing by the defendant. This agreement is subject to the following terms and conditions:

Terms and Conditions

$ _65.00_ WILL BE PAID TO THE Court immediately. _To be pd on or before 1-13-12_
In installments as follows: (FAILURE TO PAY AN INSTALLMENT BY THE DATE WILL MAKE THE ENTIRE BALANCE DUE AND PAYABLE WITHOUT FURTHER NOTICE**.) _Bal. 960.00_
$ _50.00_ DUE NO LATER THAN __2-13-12__ .
$ _50.00_ DUE NO LATER THAN __3-13-12__ .
$ _50.00_ DUE NO LATER THAN __4-13-12__ .
$ _60.00_ DUE NO LATER THAN __5-13-12__ .
$ _50.00_ DUE NO LATER THAN __6-13-12__ .
$ _50.00_ DUE NO LATER THAN __7-13-12__ .

OTHER _50.00 a month until pd off._          _19 months_

- ANY MODIFICATION OF THIS AGREEMENT MUST BE APPROVED IN WRITING BY JUDGE AND ATTACHED HERETO.
- ALL PAYMENTS SHOULD BE MADE BY CASHIERS CHECK OR MONEY ORDER..
- PAYMENT SHALL BE MADE TO:     JUSTICE COURT, PCT 1
                             o   P.O. BOX 336
                             o   BASTROP, TX 78602

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

READ, INITIAL AND RETURN BOTTOM PORTION OF THIS FORM TO THE COURT AT THE ABOVE ADDRESS:

_CT_ I understand the terms and conditions of the payment schedule.
_CT_ I agree to report to the Court any changes of address, phone, or employment within five days of such change.

VIOLATION OF ANY PART OF THIS AGREEMENT IS CAUSE FOR IMMEDIATE CANCELLATION AND COULD SUBJECT THE DEFENDANT TO ARREST.

Signed and entered this the __6__ day of __Jan__ 20_12__ .

_Lynn Williams_____
            COURT CLERK

_____
DEFENDANT
_CHAD TISDALE_

**Lynn Williams**
**Court Clerk**
**Justice of the Peace Court, Pct. 1**
**Bastrop County, Texas**

CAUSE NUMBER 015-335

EX PARTE

IN THE 335TH JUDICIAL DISTRICT

COURT OF

CHAD WAYNE TISDALE

BASTROP COUNTY, TEXAS

## STATE'S RESPONSE TO APPLICANT'S

## SECOND WRIT OF HABEAS CORPUS

To the Honorable Judge of said Court:

Comes now, the State of Texas, by and through her undersigned Assistant District Attorney and responds to the Writ of Habeas Corpus in the above-styled and numbered cause of action.

**SUMMARY OF RESPONSE:**

1. **This Court has no jurisdiction to hear this Writ based on case law;**
2. **If this Court DID have jurisdiction to hear this Writ, it should be denied because the relief suggested by applicant would require court clerks to engage in the unauthorized practice of law to achieve the result as suggested by applicant.**

### THIS IS A SECOND WRIT FOR THIS SAME COMPLAINT

The applicant and his counsel have previously filed a very similar writ to this one, alleging the same harm and acts causing said harm, in the Bastrop County Court at Law, in Cause number 13-16165. After The Honorable Judge Eskew of that Court refused said writ, applicant and his counsel appealed the Order of Judge Eskew to the 3rd Court of Appeals. A copy of the decision of the 3rd Court of Appeals is attached hereto as if incorporated herein for consideration of the Court.

### JURISDICTION FOR THIS COURT TO HEAR THIS WRIT OF HABEAS CORPUS

The State of Texas respectfully contends that this Honorable Court does not possess the jurisdiction to hear this writ. In order for this court to have jurisdiction, this applicant MUST be restrained in some fashion.

Applicant contends he is restrained by virtue of his guilty plea to a Class C misdemeanor in a Bastrop County Justice of the Peace court that renders his guilty plea to failure to maintain financial responsibility involuntary, because applicant was unaware of the collateral consequences of surcharges

as a result of this plea as levied by the Texas Department of Public Safety. This event does not vest this court with the jurisdiction to hear this writ of habeas corpus.

Although Applicant cites *Ex Parte Drake*, 212 S.W.3d 822 (Tex.App.-3rd Dist.) PDR refused, as a case "particularly on point", The State of Texas differs.

*Drake* holds that surcharges that arise after the prosecution of an applicable violation did not violate double jeopardy because the surcharges are not a criminal penalty. However, unlike the case at bar, the applicant in *Drake* had a DWLS criminal case pending in the County Court at Law where the Writ of Habeas Corpus was filed, and that DWLS case was predicated upon the prior municipal court conviction for failing to maintain financial responsibility which led to surcharges being levied by the Texas Department of Public Safety and the subsequent suspension of the applicant's driver's license premised upon the non-payment of the surcharges. That applicant was then arrested for DWLS, which led to the filing of the writ in that case.

Thus, this case is obviously not on point with the *Drake* case.

The *Drake* court, out of the Texas Third Court of Appeals, further held that:

Surcharge for defendant's failure to maintain financial responsibility,
Imposed under the driver responsibility program, was not a criminal
Punishment, imposed in violation of double jeopardy guarantee of
State constitution, but a civil penalty, and thus the suspension of
Defendant's driver's license for failing to pay the surcharge was not
Constitutionally tainted; surcharge did not constitute a disability or
Restraint, mere presence of a deterrent purpose was insufficient to
Render the sanction criminal because such deterrence served civil
As well as criminal goals, and surcharge was not so large as to be
Considered excessive in relation to intended purpose. *Drake* at
Headnote 8.

Citing *Hudson v. United States,* 522 U.S. 93, 99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), the *Drake*

court held that "... a surcharge does not constitute a disability or a restraint and, as previously noted, is not historically viewed as punishment. *Drake at 827.*

As stated in *Ex Parte Ali*, 368 S.W.3d 827, 831, for a trial court to have jurisdiction to consider a habeas application, among other requirements, the applicant must be subject to "confinement" or "restraint".

If the applicant herein does not have a restraint, then there is no case. *Hudson* is dispositive of applicant's claims.

## APPLICANT'S REQUESTED RELIEF WOULD REQUIRE COURT CLERKS TO ENGAGE IN THE UNAUTHORIZED PRACTICE OF LAW

Applicant complains that the court clerk in the Justice Court did not advise him of the collateral consequences to his plea in this matter below. The State responds that the clerk in the Justice Court is not required to advise the applicant of the collateral consequences to his plea. The court clerk is not an attorney and by law, is not required to advise a person charged with a class C violation of the collateral consequences to his plea. For that court clerk to do so would arguably render that court clerk guilty of practicing law without a license.

The court clerk of the justice court has no duty, under law or otherwise, to advise a defendant of the collateral consequences that may arise from a guilty plea to a class C allegation, just as no court clerk in any court clerks office is required to give this sort of advice to a defendant. It is the defendant's responsibility to ascertain in advance the possible collateral consequences of any guilty plea that defendant shall make. To hold otherwise would impart a legal duty to a court clerk to fully advise a person paying a citation for violating the laws of the State of Texas of any and all possible ramifications of a plea to an offense, and clearly the law does not impart such responsibility to a court clerk. This is what lawyers are for.

Applicant here clearly regrets his guilty plea, but applicant is, as a citizen of this state and nation, and thus is on notice of all the laws of this state and of this nation. Applicant could have, and obviously in hindsight should have, retained an attorney to counsel him on the collateral consequences of a plea in

this matter. It has long been said that ignorance of the law is no excuse, and that should be the holding of this court regarding this application.

Applicant's contentions under the heading of "Misrepresentation by the State renders plea involuntary" assumes certain erroneous facts. First, a court clerk is not an employee of the prosecution, but of the court. As any attorney knows, the court clerk is an employee of the judicial branch, and the prosecution is a member of the executive branch. Thus, any allegation or reference to case law referencing prosecutorial misconduct is not on point because a court clerk is an employee of the judicial and not executive branch.

Applicant's counsel maintains that cases regarding alleged misrepresentations by prosecutors that render guilty pleas involuntary should be extended to court clerks. Applicant cites no law or legal principal that would extend the duties and responsibilities of attorneys and prosecutors to non-lawyers, i.e. court clerks. All of the case law examples provided by applicant's counsel under this heading deals with allegations of prosecutorial misconduct and nothing on point with this case.

## CONCLUSION AND PRAYER FOR RELIEF

To grant the applicant's writ would, in theory, impose an unlawful duty upon non-lawyer court clerks to fully advise a traffic court defendant of all possible consequences of paying a traffic ticket. This sort of advice giving is the sole province of an attorney, to provide legal counsel and advice. By granting this writ, this court would be telling court clerks in Bastrop County that they must engage in the unauthorized practice of law, an act that has both civil and legal consequences.

**This court should deny this application for Writ of Habeas Corpus.**

Respectfully submitted,


Greg Gilleland

First Assistant Criminal District Attorney

Bastrop County, Texas

SBOT No. 07923050

804 Pecan Street

Bastrop, Texas 78602

512.581.7125 phone

512.581.7133 fax

## CERTIFICATE OF SERVICE

I CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING INSTRUMENT WAS MAILED VIA CERTIFIED MAIL #7009 1410 0001 7441 2630 TO THE ATTORNEY FOR THE APPLICANT, JAMES KRAMER, AT 410 East 5th Street, Apartment #306, Austin, Texas 78701 ON THIS THE 25th DAY OF February, 2015.


GREG GILLELAND

CAUSE NUMBER 015-335

EX PARTE

IN THE 335TH JUDICIAL DISTRICT

COURT OF

CHAD WAYNE TISDALE

BASTROP COUNTY, TEXAS

**COURT'S ORDER ON**

**STATE'S RESPONSE TO APPLICANT'S**

**SECOND WRIT OF HABEAS CORPUS**

Came on to be heard, this the _____ day of _____, 2015, this writ of Habeas Corpus is:

_____GRANTED

_____DENIED

_____THE COURT FINDS IT DOES NOT HAVE JURISDICTION.

It is so ordered.

_____

JUDGE PRESIDING

# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00785-CR

### Ex parte Chad Wayne Tisdale

---

**FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY,
NO. 13-16165, HONORABLE BENTON ESKEW, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In 2011, Chad Wayne Tisdale was arrested on various charges, including operating a motor vehicle without maintaining financial responsibility. *See* Tex. Transp. Code §§ 601.051 (requiring motor vehicle operator to maintain financial responsibility), .191 (setting out offense of failing to maintain financial responsibility). According to Tisdale, when he went to the clerk's office of the justice court, he was told that if he agreed to plead guilty or no contest, he would only be required to pay a fine. Tisdale pleaded no contest to the alleged offense.

Several months later, the Texas Department of Pubic Safety assessed a driver responsibility surcharge against Tisdale. That surcharge was imposed under a provision of the Transportation Code requiring the Department to "assess a surcharge on the license of each person who during the preceding 36-month period has been convicted of," among other offenses, failing to maintain financial responsibility. *Id.* § 708.103; *see also Ex parte Drake*, 212 S.W.3d 822, 823-24 (Tex. App.—Austin 2006, pet. ref'd) (explaining driver responsibility program and describing consequences for failing to comply).

Tisdale did not pay the surcharge, and his license was suspended.

Shortly after his license was suspended, Tisdale filed an application for writ of habeas corpus with the trial court asserting that his plea was involuntary because he was not informed of the mandatory surcharge when he entered his plea. In its response, the State asserted that the trial court had no jurisdiction to consider the writ because Tisdale was not subject to confinement or restraint by the imposition of the surcharge or by the suspension of his license. *See Ex parte Ali*, 368 S.W.3d 827, 831 (Tex. App.—Austin 2012, pet. ref'd) (stating that for "trial court to have jurisdiction to consider a habeas application, among other requirements, the applicant must be subject to 'confinement' or 'restraint'"). After reviewing Tisdale's petition and the State's response, the trial court determined that it did not have jurisdiction over the matter.

On appeal, Tisdale urges that the trial court erred by dismissing his petition for want of jurisdiction.

In general, an applicant seeking habeas corpus relief has no right to appeal a trial court's refusal to issue or grant a writ of habeas corpus. *Ex parte Villanueva*, 252 S.W.3d 391, 393 (Tex. Crim. App. 2008); *see Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991), *superseded in part by* Tex. Code Crim. Proc. art. 11.072 (governing cases in which applicant seeks relief from community supervision); *see also Ex parte Ali*, Nos. 03-10-00206-CR, 03-10-00207-CR, 2010 Tex. App. LEXIS 10018, at *5 (Tex. App.—Austin Dec. 16, 2010, no pet.) (mem. op., not designated for publication) (explaining that there is no right to appeal trial court's refusal to issue writ of habeas corpus for writs not falling under article 11.072 of Code of Criminal Procedure). Stated differently, "[o]nly when a hearing is held on the merits of an applicant's claims and there

2

is a ruling on the merits of the claims may a losing party appeal." *Villanueva*, 252 S.W.3d at 394. "[W]hen a trial judge refuses to issue a writ or denies an applicant a hearing on the merits of his or her claims, there is no right to appeal." *Id.* Although an applicant does not have a right to appeal if a trial judge refuses to issue a writ or denies a hearing on the merits, an applicant does have two options available to him: "first, to present the application to another trial judge with jurisdiction; or second, to file an application for a writ of mandamus." *Id.*; *see Ex parte Hargett*, 819 S.W.2d at 868.

When the trial court concluded that it did not have jurisdiction over Tisdale's application for writ of habeas corpus, the trial court did not rule on the merits of Tisdale's claims. As discussed above, in order for an appellate court to have appellate jurisdiction over a trial court's ruling on an application for a writ of habeas corpus, the trial court must rule on the merits of the application. *Ex parte Blunston*, No. 04-12-00657-CV, 2013 Tex. App. LEXIS 9037, at *3 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op., not designated for publication). Because the record in this case shows that the trial court did not rule on the merits of Tisdale's application, we lack jurisdiction over his appeal. *Id.* at *4-5.[1]

---

[1] In a supplemental brief filed after his reply brief, Tisdale contends that the trial court's refusal to consider his petition for writ of habeas corpus resulted in a denial of his constitutional right to pursue a writ of habeas corpus. *See* Tex. Const. art. I, § 12 (explaining that "writ of habeas corpus is a writ of right, and shall never be suspended"). Specifically, Tisdale contends that he will be unable to seek habeas relief from any other permissible court because the three district courts in Bastrop County are unlikely to issue a writ of habeas corpus for this type of misdemeanor offense and because the constitutional county court for Bastrop County does not have the authority to issue writs of habeas corpus. *See* Tex. Gov't Code § 26.111 (explaining that if county judge in Bastrop County is not licensed attorney, then county court of Bastrop County does not have concurrent jurisdiction with County Court at Law over all matters).

As a preliminary matter, we note that Tisdale did not include this argument in his opening appellate brief and that it appears from the record in this case that Tisdale did not present this

3

For the reasons previously given, we dismiss Tisdale's appeal for lack of jurisdiction.

*Id.* at *5.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed for Want of Jurisdiction

Filed: April 10, 2014

Do Not Publish

argument to the trial court. *See* Tex. R. App. P. 33.1(a) (setting out requirements for preserving complaint for appeal); *see also Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995) (stating that "even constitutional errors may be waived"). Even assuming that this argument was properly presented for our review, we would still not be persuaded that we have jurisdiction over this appeal. As discussed above, when a trial court denies an application for a writ of habeas corpus without considering the merits of the applicant's claims, the applicant may file an application with another judge having jurisdiction over the habeas claims or file an application for a writ of mandamus. *Ex parte Villanueva*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008). Although Tisdale alleges that it would essentially be futile to file a petition with another trial court, Tisdale has not pursued either method. Accordingly, we do not believe that his claims are ripe for review. *See Ex parte Cross*, 69 S.W.3d 810, 814 (Tex. App.—El Paso 2002, no pet.) (explaining that case is not ripe if it is dependent "on contingent, remote, or hypothetical facts" and that ripeness doctrine prohibits courts from issuing advisory opinions).

4

015-335

EX PARTE       '   IN THE 335TH JUDICIAL

CHAD WAYNE TISDALE    '   DISTRICT COURT OF

            '   BASTROP COUNTY, TEXAS


## APPLICANT'S REPLY TO STATE'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE REVA TOWSLEE-CORBETT:**

Now comes Chad Wayne Tisdale, Applicant, through his attorney James Kramer, and presents this Reply to the State's Response to his Petition for Writ of Habeas Corpus.


**Applicant's Prior Petition Is Not a Bar to Filing the Present Petition**

While the State correctly notes that Applicant previously filed a similar petition for writ of habeas corpus with the Bastrop County Court at Law, the State also admits on page one of its response that said petition was never decided on the merits but rather was refused by the court. Since it is well-established law that it is proper for an applicant to present a refused petition to another trial judge with jurisdiction, it cannot logically be a bar to the present petition.[1]

---

[1] *Villanueva v. State*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008); *Ex parte Ainsworth*, 27 Tex. 731, 732 (Tex. 1865); *Ex parte Tisdale*, No. 03-13-00785-CR, 2014 Tex. App. LEXIS 3835 at *3-4 (Tex. App. Austin Apr. 10, 2014, reh'g denied, pet. ref'd., mandate issued Jan. 8, 2015)(memo. op.).

1

**The State Fails to Dispute Any of Applicant's Factual Allegations**

Nowhere in its response does the State dispute a single factual allegation made by Applicant, and apparently accepts all allegations as true.

**The State Misunderstands the Nature of Applicant's Restraint**

Applicant contends that he is restrained by virtue of his drivers' license suspension, which is a consequence of his conviction (and not, as the State contends, by the surcharge *per se*). The State ignores the cases cited by Applicant that demonstrate that Texas courts of appeals have found legal disabilities similar in nature to Applicant's drivers' license suspension to be confinement or restraint within the meaning of Chapter 11 of the Code of Criminal Procedure, and instead makes irrelevant arguments that do not apply to Applicant's case.

Thus, the State makes no argument in support of its position that Applicant is not restrained or that the Court otherwise lacks jurisdiction.

**The State Misconstrues Applicant's Arguments**

The State seems to believe that Applicant is asking the Court to find that the justice court clerk had an affirmative duty to advise Applicant of his legal rights or that the case has something to do with prosecutorial misconduct. There is nothing in Applicant's petition to support the State's portrayal of Applicant's position. Just to be clear, Applicant's complaint is that he was actively misled by the incomplete information furnished by the clerk acting on behalf of the Justice

2

Court.

Since the case was a misdemeanor, neither the Justice Court nor any of its employees had any duty to admonish Applicant about the consequences of his plea.[2] That said, the court and its employees did have a duty to refrain from misleading Applicant as to the consequences of his plea.[3]

**The State Fails to Consider the "Totality of the Circumstances"**

The State attempts to distinguish the $1000 criminal fine from the $780 civil fine.[4] However, it fails to show how this distinction affects the "totality of the circumstances" of Applicant's plea.[5]

When Applicant asked the clerk how much the total fine would be, the distinction between a "criminal" or "civil" fine was irrelevant to his decision whether to enter a "no contest" plea or instead request a hearing and obtain counsel. All that he cared about was the bottom-line financial cost-benefit

---

[2] *State v. Guerrero*, 400 S.W.3d 576, 589 (Tex. Crim. App. 2013); *Johnson v. State*, 614 S.W.2d 116, 120 n.1 (Tex. Crim. App. 1981)("[T]here is no requirement in Texas law for a trial court to admonish an accused person of anything if the offense is classified as a misdemeanor.").

[3] *See Ex parte Williams*, 704 S.W.2d 773 (Tex. Crim. App. 1986)(holding that even when a court is under no duty to provide any information at all on a given matter, inaccurate information conveyed by the court may nonetheless render a plea involuntary).

[4] The State also fails to consider that imposition of even a "civil" fine requires due process (or due course) of law. U.S. Const. amend. XIV, § 1; Tex. Const. art. 1, §19. The Third Court of Appeals has recognized that "the driver responsibility program provides for the assessment of the surcharge without a prior hearing and without any subsequent review". *Ex parte Drake*, 212 S.W.3d 822, 825 (Tex. App. Austin 2006). Since the only due process afforded Applicant is in the trial court, the only way to reconcile the surcharge program with the requirements of due process is to construe the surcharge to be a part of Applicant's sentence.

[5] *See Griffin v. State*, 703 S.W.2d 193 , 196 (Tex. Crim. App. 1986)(voluntariness of plea evaluated based on the "totality of the circumstances").

calculation.[6] The misleadingly incomplete information provided by the clerk acting on behalf of the Justice Court led Applicant to make a choice to waive his rights to trial and to counsel, a choice that he would not have made had he not been misled.

Thus, Applicant's plea was involuntary under the totality of the circumstances.

Respectfully submitted,

James Kramer
410 East 5th St. #306
Austin, Texas 78701
Tel: (512) 297-7211

By: _____
James Kramer,
Attorney for Applicant
State Bar No. 24067712

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Reply was mailed to Greg Gilleland, Assistant Bastrop County District Attorney, on March 2, 2015.

_____
James Kramer, Attorney for Applicant

---

[6] It also bears noting that the term "surcharge" is a misnomer in that even individuals who are not licensed in Texas can be liable under Chapter 708 of the Transportation Code. *See* Tex. Transp. Code § 708.104 (LEXIS thru 2013 3rd. Sess.)(providing for assessments against unlicensed individuals). Thus, the so-called "surcharges" are simply garden-variety civil fines (with license suspension providing an enforcement mechanism).

4

THE TEXAS CONSTITUTION

ARTICLE 1. BILL OF RIGHTS

Sec. 12. HABEAS CORPUS. The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual.

ARTICLE 5. JUDICIAL DEPARTMENT

Sec. 5. JURISDICTION OF COURT OF CRIMINAL APPEALS; TERMS OF COURT; CLERK. (a) The Court of Criminal Appeals shall have final appellate jurisdiction coextensive with the limits of the state, and its determinations shall be final, in all criminal cases of whatever grade, with such exceptions and under such regulations as may be provided in this Constitution or as prescribed by law.

(b) The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. The appeal of all other criminal cases shall be to the Courts of Appeal as prescribed by law. In addition, the Court of Criminal Appeals may, on its own motion, review a decision of a Court of Appeals in a criminal case as provided by law. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion.

(c) Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments. The court shall have the power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction.

CODE OF CRIMINAL PROCEDURE

TITLE 1. CODE OF CRIMINAL PROCEDURE

CHAPTER 4. COURTS AND CRIMINAL JURISDICTION

Art. 4.04. COURT OF CRIMINAL APPEALS
Sec. 1. The Court of Criminal Appeals and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of writs of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The court and each judge thereof shall have, and is hereby given, the power and authority to grant and issue and cause the issuance of such other writs as may be necessary to protect its jurisdiction or enforce its judgments.

Sec. 2. The Court of Criminal Appeals shall have, and is hereby given, final appellate and review jurisdiction in criminal cases coextensive with the limits of the state, and its determinations shall be final. The appeal of all cases in which the death penalty has been assessed shall be to the Court of Criminal Appeals. In addition, the Court of Criminal Appeals may, on its own motion, with or without a petition for such discretionary review being filed by one of the parties, review any decision of a court of appeals in a criminal case. Discretionary review by the Court of Criminal Appeals is not a matter of right, but of sound judicial discretion.

CHAPTER 11. HABEAS CORPUS

Art. 11.01. WHAT WRIT IS. The writ of habeas corpus is the remedy to be used when any person is restrained in his liberty. It is an order issued by a court or judge of competent jurisdiction, directed to any one having a person

in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

Art. 11.02. TO WHOM DIRECTED.  The writ runs in the name of "The State of Texas".  It is addressed to a person having another under restraint, or in his custody, describing, as near as may be, the name of the office, if any, of the person to whom it is directed, and the name of the person said to be detained.  It shall fix the time and place of return, and be signed by the judge, or by the clerk with his seal, where issued by a court.

Art. 11.03. WANT OF FORM.  The writ of habeas corpus is not invalid, nor shall it be disobeyed for any want of form, if it substantially appear that it is issued by competent authority, and the writ sufficiently show the object of its issuance.

Art. 11.04. CONSTRUCTION.  Every provision relating to the writ of habeas corpus shall be most favorably construed in order to give effect to the remedy, and protect the rights of the person seeking relief under it.

Art. 11.05. BY WHOM WRIT MAY BE GRANTED.  The Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts, have power to issue the writ of habeas corpus;  and it is their duty, upon proper motion, to grant the writ under the rules prescribed by law.

Art. 11.051. FILING FEE PROHIBITED.  Notwithstanding any other law, a clerk of a court may not require a filing fee from an individual who files an application or petition for a writ of habeas corpus.

Art. 11.06. RETURNABLE TO ANY COUNTY. Before indictment found, the writ may be made returnable to any county in the State.

Arts. 11.07 to 11.073 omitted to save space.

Art. 11.08. APPLICANT CHARGED WITH FELONY.  If a person is confined after indictment on a charge of felony, he may apply to the judge of the court in which he is indicted;  or if there be no judge within the district, then to the judge of any district whose residence is nearest to the court house of the county in which the applicant is held in custody.

Art. 11.09. APPLICANT CHARGED WITH MISDEMEANOR.  If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody.

Art. 11.10. PROCEEDINGS UNDER THE WRIT.  When motion has been made to a judge under the circumstances set forth in the two preceding Articles, he shall appoint a time when he will examine the cause of the applicant, and issue the writ returnable at that time, in the county where the offense is charged in the indictment or information to have been committed.  He shall also specify some place in the county where he will hear the motion.

Art. 11.11. EARLY HEARING.  The time so appointed shall be the earliest day which the judge can devote to hearing the cause of the applicant.

Art. 11.12. WHO MAY PRESENT PETITION.  Either the party for whose relief the writ is intended, or any person for him, may present a petition to the proper authority for the purpose of obtaining relief.

Art. 11.13. APPLICANT.  The word applicant, as used in this Chapter, refers to the person for whose relief the writ is asked, though the petition may be signed and presented by any other person.

Art. 11.14. REQUISITES OF PETITION.  The petition must state substantially:

1. That the person for whose benefit the application is made is illegally restrained in his liberty, and by whom, naming both parties, if their names are known, or if unknown, designating and describing them;

2. When the party is confined or restrained by virtue of any writ, order or process, or under color of either, a copy shall be annexed to the petition, or it shall be stated that a copy cannot be obtained;

3. When the confinement or restraint is not by virtue of any writ, order or process, the petition may state only that the party is illegally confined or restrained in his liberty;

4. There must be a prayer in the petition for the writ of habeas corpus; and

5. Oath must be made that the allegations of the petition are true, according to the belief of the petitioner.

Art. 11.15. WRIT GRANTED WITHOUT DELAY.  The writ of habeas corpus shall be granted without delay by the judge or court receiving the petition, unless it be manifest from the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.

Remaining articles omitted to save space.

CODE OF CRIMINAL PROCEDURE (1856)

Art. 131. The writ of Habeas Corpus shall be granted without delay, by the Judge or Court receiving the petition, unless it be manifest by the statements of the petition itself, or some document annexed to it, that the party is entitled to no relief whatever.

CODE OF CRIMINAL PROCEDURE (1879)

Art. 145. The writ of *habeas corpus* shall be granted without delay by the Judge or Court receiving the petition, unless it be manifest by the statements of the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.

CODE OF CRIMINAL PROCEDURE (1895)

Art. 165. The writ of habeas corpus shall be granted without delay by the Judge or Court receiving the petition, unless it be manifest by the statements of the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.

CODE OF CRIMINAL PROCEDURE (1911)

Art. 175. The writ shall be granted without delay, unless, etc.- The writ of habeas corpus shall be granted without delay by the Judge or Court receiving the petition, unless it be manifest by the statements of the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.

CODE OF CRIMINAL PROCEDURE (1925)

Art. 127. The writ shall be granted without delay- The writ of habeas corpus shall be granted without delay by the Judge or Court receiving the petition, unless it be manifest by the statements of the petition itself, or some documents annexed to it, that the party is entitled to no relief whatever.